# NO. 12-23-00087-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CAROLE ANN WALLACE,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *HENDERSON COUNTY APPRAISAL*<br>*DISTRICT,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Carole Ann Wallace, acting pro se, filed a notice of appeal from a judgment entered on February 22, 2023.  Under Rule 26.1, the notice of appeal must be filed within thirty days after the judgment is signed or, if the case is accelerated, within twenty days after the judgment or order is signed.  TEX. R. APP. P. 26.1.  Unless the appeal is accelerated, the notice of appeal must be filed within ninety days "after the judgment is signed" if any party timely files a motion for new trial, motion to modify, motion to reinstate, or request for findings of fact and conclusions of law when such could be properly considered by the appellate court.  TEX. R. APP. P. 26.1(a)-(b), 28.1(b).  Wallace filed her notice of appeal on March 30.  The case information sheet from the Henderson County District Clerk's Office reflects that Wallace did not file a motion for new trial, other post-judgment motion, or request for findings and conclusions; thus, her notice of appeal was due on or before March 24.

Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal.  TEX. R. APP. P. 26.3. Any motion for extension of time was due no later than April 10.  Wallace did not file a motion for extension.

On March 30, this Court notified Wallace that the information received in this appeal does not show the jurisdiction of this Court, i.e., there is no timely notice of appeal. *See* TEX. R. APP. P. 26.1, 37.1. Nevertheless, Wallace was further notified that, pursuant to Rule 26.3 and ***Verburgt v. Dorner***, 959 S.W.2d 615 (Tex. 1997), we would imply a motion to extend time for filing the notice of appeal. We informed Wallace that Rule 26.3 requires a motion complying with Rule 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3(b). Thus, we notified Wallace that the appeal would be dismissed for want of jurisdiction unless on or before April 10, she informed this Court, in writing, of facts that reasonably explained the need for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 42.3. This deadline expired without a motion in accordance with ***Verburgt*** or other response from Wallace.

This Court is not authorized to alter the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2. Because Wallace did not respond to this Court's ***Verburgt*** notice, we cannot exercise jurisdiction over the appeal. *See **Lasater v. Thompson***, No. 02-20-00290-CV, 2021 WL 386957, at *1 (Tex. App.—Fort Worth Feb. 4, 2021, no pet. h.) (mem. op.) (absent timely filed notice of appeal or extension request, appellate court lacks jurisdiction). Accordingly, the appeal is ***dismissed for want of jurisdiction***.[1]

Opinion delivered April 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[1] We also note that Wallace's notice of appeal fails to comply with appellate Rule 9.5 and Section 51.017(a) of the Texas Civil Practice and Remedies Code. *See* TEX. R. APP. P. 9.5 (service); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.017(a) (West Supp. 2019) (notice of appeal must be served on each court reporter responsible for preparing reporter's record). Additionally, Wallace's docketing statement is past due. *See* TEX. R. APP. P. 32.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 20, 2023**

**NO. 12-23-00087-CV**

**CAROLE ANN WALLACE,**
Appellant
V.
**HENDERSON COUNTY APPRAISAL DISTRICT,**
Appellee

Appeal from the 3rd District Court
of Henderson County, Texas (Tr.Ct.No. CV21-0412-3)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*